**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FREDRICK JAMES MIKELL, | |
| Appellant | No. 20 WDA 2016 |

Appeal from the Judgment of Sentence Entered December 1, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000976-2015

BEFORE:  BENDER, P.J.E., BOWES, J., and SOLANO, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JANUARY 23, 2017**

Appellant, Fredrick James Mikell, appeals from the judgment of sentence of 15 to 30 months' incarceration, followed by 3 years' probation, imposed after Appellant committed several technical violations of a term of probation he was then serving.  Appellant solely argues that the court fashioned an excessive revocation sentence and failed to consider his rehabilitative needs.  We affirm.

The facts underlying Appellant's case are unnecessary to our disposition of his appeal.  The trial court briefly summarized the procedural history of his case, as follows:

> On July 15, 2015, Appellant … pled guilty to Escape.[1]  This [c]ourt sentenced him to [18] months['] intermediate punishment ([h]ouse arrest) and [3] years['] probation.  On December 1, 2015, this [c]ourt found Appellant to have violated probation due to numerous technical violations and resentenced him to [15] to [30] months['] incarceration and [3] years[']

probation. Appellant's Post[-]Sentence Motion was denied on December 10, 2015. Appellant filed a Notice of Appeal on December 30, 2015, and a [timely, Pa.R.A.P. 1925(b)] Concise Statement of Errors Complained of on [Appeal on] January 26, 2016.

 [1] 18 Pa.C.S. § 5121(a).

Trial Court Opinion (TCO), 5/13/16, at 2.

On appeal, Appellant presents one question for our review:

I. Was the sentence of 15 to 30 months of incarceration manifestly excessive and an abuse of discretion where the court did not consider the sufficiency of sanctions already imposed and the availability of community-based resources to address [Appellant's] serious rehabilitative needs?

Appellant's Brief at 4.

Appellant challenges the discretionary aspects of his sentence. It is well-established that,

[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

> ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super.
> 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).
>
> The determination of what constitutes a substantial question
> must be evaluated on a case-by-case basis. ***Commonwealth v.
> Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial
> question exists "only when the appellant advances a colorable
> argument that the sentencing judge's actions were either: (1)
> inconsistent with a specific provision of the Sentencing Code; or
> (2) contrary to the fundamental norms which underlie the
> sentencing process." ***Sierra, supra*** at 912–13.

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Appellant filed a timely notice of appeal, properly preserved his

issue for our review, and included a Rule 2119(f) statement in his brief to

this Court. Therein, Appellant asserts that his sentence is excessive because

the court violated the requirements of 42 Pa.C.S. § 9721(b) by failing to

consider his rehabilitative needs. We conclude that this claim constitutes a

substantial question for our review. ***See Commonwealth v. Caldwell***, 117

A.3d 763, 770 (Pa. Super. 2015), *appeal denied*, 126 A.3d 1282 (Pa. 2015)

(concluding that the appellant's assertion that his sentence was excessive,

"together with his claim that the court failed to consider his rehabilitative

needs upon fashioning its sentence, presents a substantial question"). Thus,

we will address the merits of Appellant's sentencing challenge.

Preliminarily, however, we note that:

> Sentencing is a matter vested in the sound discretion of the
> sentencing judge, and a sentence will not be disturbed on appeal
> absent a manifest abuse of discretion. In this context, an abuse
> of discretion is not shown merely by an error in judgment.
> Rather, the appellant must establish, by reference to the record,
> that the sentencing court ignored or misapplied the law,

- 3 -

exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Caldwell*, 117 A.3d at 770 (citation omitted).

In challenging the trial court's exercise of discretion in fashioning his sentence, Appellant provides the following argument:

> At the time of sentencing, the [t]rial [c]ourt rejected the suggestion that [Appellant's] rehabilitative needs would best be met by the imposition of new periods of probation supervision and continued counseling and treatment available in the community. His compliance could have been closely monitored by the probation officer to ensure the safety of the public and appropriate professional treatment could have actually effectuated a change in his continued antisocial behavior and ensure[d] compliance with the term of probation supervision.

Appellant's Brief at 13 (citation to the record omitted).

Appellant's cursory argument fails to convince us that the trial court abused its discretion in imposing his sentence. The trial court explains the reasons underlying the term of incarceration it imposed, as follows:

> Appellant presented at his initial sentencing hearing on this charge as a repeat felony offender with a Prior Record Score of 5, the highest possible. Nevertheless, this [c]ourt gave Appellant a significant sentencing break, which was an opportunity for Appellant to establish his ability to conform his behavior to the reasonable rules of society.
>
> At the violation hearing less than four months later, Appellant was delinquent in paying his electronic monitoring fees, he had numerous window violations,[1] he tested positive for cocaine and marijuana, and he had failed to complete outpatient drug treatment. Rather than accept responsibility for

_____

[1] The court's use of the term 'window violations' seemingly refers to the fact that, "[o]n multiple occasions, [Appellant] was out of range of the electronic monitor for unapproved periods of time." Commonwealth's Brief at 13.

his actions, he blamed his probation officer and his ankle bracelet for his violations.[2]   Appellant lied to this [c]ourt, stating that he was discharged from drug treatment because he was arrested.   In fact[,] he was discharged for lack of compliance and [was] arrested the following day.   As Appellant has ignored his need for rehabilitation and treatment, and his ongoing behavior demonstrates the community's need to be protected from him, this [c]ourt determined that incarceration was necessary both because his conduct indicated that it is likely he will commit another crime if he is not imprisoned and to vindicate the authority of the [c]ourt.   Even so, in sentencing Appellant in the mitigated range of the Sentencing Guidelines, this [c]ourt gave Appellant the opportunity to reenter society as quickly as his rehabilitation can be effectuated.   This [c]ourt's sentence of confinement for a period of 15 to 30 month[s'] was not excessive.

TCO at 5.

After reviewing the record in this case, the briefs of the parties, and the discussion provided by the trial court in its opinion, we are convinced that the court did not abuse its discretion in imposing Appellant's sentence of 15 to 30 months' incarceration.  Contrary to Appellant's claim, the court clearly considered his need for rehabilitation.  However, the court ultimately found that Appellant's ongoing conduct, his refusal to accept responsibility for his actions, his untruthful remarks to the court, and his decision not to take advantage of the treatment opportunities that had previously been presented to him, all demonstrated that Appellant is not currently amenable to treatment outside of incarceration.  The record supports that decision.

_____

[2] More specifically, Appellant "blame[d] his [probation officer] for not checking an ankle bracelet that he claimed was dysfunctional."   N.T., 12/1/15, at 2.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/2017